NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7100

GARY HARALSON,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Gary Haralson, of Bushnell, Florida, pro se.

Devin A. Wolak, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Gregory G. Katsas, Assistant Attorney General and Jeanne E. Davidson, Director. Of counsel were Ethan Kalett, Supervisory Attorney, and Christa Childers, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Robert N. Davis

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7100

GARY HARALSON,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-1694, Judge Robert N. Davis.

DECIDED: November 5, 2008

Before NEWMAN, SCHALL, and DYK, Circuit Judges.

PER CURIAM.

DECISION

Gary Haralson appeals the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") which (1) affirmed the March 16, 2006 decision of the Board of Veterans' Appeals ("Board") that denied his claim to service connection for hepatitis C (also claimed as serum hepatitis) and (2) dismissed for lack of jurisdiction his claims concerning the legality of his enlistment and his Freedom of Information Act

("FOIA") requests.  Haralson v. Peake, No. 06-1694, 2008 WL 372692, at *2 (Vet. App. Feb. 6, 2008).  We dismiss for lack of jurisdiction.

DISCUSSION

I.

Mr. Haralson served on active duty in the United States Army from February 1972 to February 1974.  When Mr. Haralson entered into service, his entrance examination did not indicate that he suffered from hepatitis.  In addition, his in-service medical records indicate that he did not display any risk factors for hepatitis other than intravenous drug use.  In July 1973, Mr. Haralson was admitted to a hospital and diagnosed with "serum hepatitis secondary to drug abuse."  During his examination at the hospital, Mr. Haralson admitted to "numerous episodes of drug abuse including several intravenous administration[s] of amphetamines."

From 1983 to 2003, Mr. Haralson filed several claims with Department of Veterans Affairs ("VA") Regional Offices ("RO") seeking service connection benefits for hepatitis C.  The VA ultimately rejected all of the claims and Mr. Haralson appealed to the Board.  In March 2006, the Board issued its decision, concluding that Mr. Haralson had incurred hepatitis C during active duty, but that it was caused by his abuse of intravenous drugs.  Consequently, the Board denied his claim because 38 U.S.C. §105(a)[1] precludes claims for disabilities resulting from the veteran's own abuse of alcohol or drugs.  In re Haralson, No. 03-13 697 (Bd. Vet. App. Mar. 16, 2006).

---

[1]     38 U.S.C. § 105(a) provides in relevant part:

An injury or disease incurred during active military, naval, or air service will be deemed to have been incurred in line of duty and not the result of the veteran's own misconduct

Mr. Haralson appealed the Board's decision to the Veterans Court, arguing that he was involuntarily administered illegal drugs by his fellow servicemen. In addition to his contention that his disability benefits had been wrongly denied, Mr. Haralson also raised issues concerning the legality of his enlistment and numerous FOIA requests that he submitted to obtain parts of his service record. On February 6, 2008, the Veterans Court affirmed the Board's decision. The Veterans Court ruled that the Board had properly weighed the entire record in determining that Mr. Haralson had contracted hepatitis C during service due to his own willful misconduct, and that, accordingly, the Board had not erred in denying his claim. Regarding Mr. Haralson's claims concerning his FOIA requests and the legality of his enlistment, the Veterans Court determined it lacked jurisdiction and therefore dismissed the claims.

II.

Our authority to review decisions of the Veterans Court is governed by statute. Pursuant to 38 U.S.C. § 7292(c) (2000), we have "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under [that] section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." However, "[e]xcept to the extent that an appeal under . . . chapter [72] presents a constitutional issue, [we] may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

> when the person on whose account benefits are claimed was, at the time the injury was suffered or disease contracted, in active military, naval, or air service, whether on active duty or on authorized leave, unless such injury or disease was a result of the person's own willful misconduct or abuse of alcohol or drugs. . . .

III.

We hold that we lack jurisdiction over all of Mr. Haralson's claims. Although this is an appeal from a Veterans Court decision affirming the denial of a claim for service connection benefits, Mr. Haralson has not clearly articulated, or alluded to, any particular error with the court's decision on that score. Indeed, jurisdiction over any of these questions aside, Mr. Haralson does not challenge the Veterans Court's affirmance of the factual determination that his drug abuse caused his hepatitis or the court's application of 38 U.S.C. § 105(a) to bar his service connection claim, or any interpretation of that statute by the court. Rather, Mr. Haralson focuses on his wrongful enlistment claim and his claim that the government has not responded to his FOIA requests.

We agree with the government that, to the extent one could read Mr. Haralson's brief as an appeal from the Veterans Court's affirmance of the Board's decision denying him a service connection benefit, we lack jurisdiction. To the extent that Mr. Haralson disputes either the determination that his drug abuse caused his hepatitis or the application of 38 U.S.C. § 105(a), those would be challenges to a factual determination or the law as applied to the facts—both determinations this Court lacks jurisdiction to review. 38 U.S.C. § 7292(d)(2).

In Mr. Haralson's remaining claims, he argues that the government has not supplied his service records in response to his FOIA requests, which he claims has prevented him from proceeding with his wrongful enlistment claim. Mr. Haralson is attempting to use this forum as a collateral means of securing a response to his FOIA requests. Apparently, he plans to use his obtained records before the Army Board for

Correction of Military Records ("ACBMR"), where he hopes to prove his enlistment in the Army was unlawful. The Veterans Court appropriately dismissed these same arguments for lack of jurisdiction. The Veterans Court's jurisdiction is limited by statute and only allows review of Board decisions. 38 U.S.C. § 7252(c). The Veterans Court's limited jurisdiction does not allow Mr. Haralson's challenges to either his alleged unlawful enlistment or his unfulfilled FOIA requests. See, e.g., Ledford v. West, 136 F.3d 776, 779 (Fed. Cir. 1998) (ruling that the Veterans Court can only review a "decision of the Board" and not issues never presented to the Board). This Court's jurisdiction over Veterans Court's decisions is also limited by statute and we similarly lack jurisdiction to hear Mr. Haralson's remaining claims. 38 U.S.C. § 7292.

For the foregoing reasons, we must dismiss Mr. Haralson's appeal for lack of jurisdiction. If Mr. Haralson wishes to further pursue the correction of his service record and his wrongful enlistment claim, he may proceed before the ACBMR. See 10 U.S.C. §§ 1552, 1553. If he wishes to further pursue his unfulfilled FOIA requests, he may proceed before the appropriate United States District Court. See 5 U.S.C § 552.

No costs.