NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GARY P. ZANDERS,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2010-7119

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 08-2123, Judge Alan G. Lance, Sr.

---

Decided: December 9, 2010

---

GARY P. ZANDERS, St. Louis, Missouri, pro se.

AMANDA L. TANTUM, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, and JEANNE E. DAVIDSON, Director. Of

counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and TRACEY P. WARREN, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before RADER, *Chief Judge*, LOURIE, *Circuit Judge*, and WHYTE, *District Judge**

PER CURIAM.

Gary P. Zanders ("Zanders") appeals from the decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") affirming a decision of the Board of Veterans' Appeals ("the Board") that denied Zanders' claim to reopen a previously denied claim for service connection for bipolar disorder. *Zanders v. Shinseki*, No. 8-2123, 2009 WL 2917790 (Vet. App. Sept. 14, 2009). Because Zanders' appeal fails to raise a legal or constitutional issue within this court's jurisdiction, we *dismiss*.

## BACKGROUND

Zanders served on active duty in the U.S. Army from October 1979 to September 1982 and from January 1991 to March 1991. In October 1991, Zanders filed a claim with the Department of Veterans Affairs ("VA") Regional Office ("RO") in St. Louis, Missouri, for entitlement to service connection for an acquired psychiatric disorder, to include bipolar affective disorder, and alcohol dependence. *Id.* at *1; A38. The RO denied his claim in February 1992, and the Board affirmed in March 1995, concluding

———————————

* The Honorable Ronald M. Whyte, United States District Court for the Northern District of California, sitting by designation.

that Zanders' alcohol dependence was not service related and that his bipolar disorder had predated service and had not been aggravated by service. In reaching the latter conclusion, the Board relied on statements from the veteran, service medical records, VA medical examination reports dated between August 1986 and April 1991, private medical records dated between 1972 and July 1990, records from the Social Security Administration ("SSA"), an April 1991 Medical Evaluation Board report, and VA treatment records dated between May 1991 and November 1993.

In January 2003, Zanders sought to reopen his claim for entitlement to service connection for bipolar disorder. In response, the RO sent Zanders a letter informing him that in order to reopen his claim for bipolar disorder, he had to provide the VA new and material evidence. The new evidence provided included additional statements by the veteran as well as additional SSA and private treatment records, both showing treatment for bipolar disorder. In August 2003, the RO denied Zanders' request to reopen his claim, and Zanders filed a timely Notice of Disagreement and appealed to the Board. The Board affirmed the RO's decision on April 16, 2008, finding the evidence new but not material. Zanders appealed to the Veterans Court. In his informal brief to the Veterans Court, Zanders challenged not only the Board's decision not to reopen his bipolar disorder, but also the Board's failure to reopen his claim for alcohol dependence.

The Veterans Court issued a memorandum decision on September 14, 2009, in which it affirmed the Board's decision. *Zanders*, 2009 WL 2917790, at *1. With regard to Zanders' bipolar disorder claim, the Veterans Court held that the Board did not clearly err in finding that the submitted evidence, while new, was not material because

it "did not medically show either an incurrence or aggravation of [Zanders'] bipolar disorder while he was in service," and instead "only confirmed what was known when the RO initially denied service connection, that [Zanders] suffers from a bipolar disorder." *Id.* at *2. With regard to Zanders' claim to reopen a claim for service connection for alcoholism, the Veterans Court held that it lacked jurisdiction over the issue because it had not first been presented to and adjudicated by the RO, and accordingly dismissed the claim. *Id.* at *3.

Zanders timely appealed to this court. We have jurisdiction pursuant to 38 U.S.C. § 7292(c).

## DISCUSSION

This court's jurisdiction to review decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292. We "have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof [by the Veterans Court] . . . , and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Id.* § 7292(c). We may not, however, "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Zanders raises no legal or constitutional issues on appeal. In fact, in his informal brief, Zanders answers "no" to the question whether the Veterans Court's decision involved the validity or interpretation of a statute or regulation and to the question whether the Veterans Court decided any constitutional issues. Rather, Zanders simply states that the Veterans Court decided "not in

favor [of] claimant," and he asks this court to "[decide] in favor of claimant."

In effect, Zanders seeks review of the factual findings underlying the Veterans Court's decision to uphold a finding of no new and material evidence to reopen his claim for service connection for bipolar disorder, and to dismiss for lack of jurisdiction his claim to reopen his alcohol dependence claim. Regarding the former, "[t]his court has previously held that the question of whether evidence in a particular case is 'new and material' is either a 'factual determination' under section 7292(d)(2)(A) or the application of law to 'the facts of a particular case' under section 7292(d)(2)(B) and is, thus, not within this court's appellant jurisdiction." *Barnett v. Brown*, 83 F.3d 1380, 1383 (Fed. Cir. 1996). Regarding the latter, the Veterans Court simply applied our decision in *Ledford v. West*, 136 F.3d 776, 779 (Fed. Cir. 1998), to the facts of this case, thus placing review of its decision outside our jurisdiction under section 7292(d)(2)(B). Accordingly, we dismiss Zanders' appeal for lack of jurisdiction.

## DISMISSED

### COSTS

No costs.