NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARY BLEVINS,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7089

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-353, Judge Alan G. Lance, Sr.

---

Decided: January 13, 2014

---

MARY BLEVINS, of Burton, Texas, pro se.

ROBERT C. BIGLER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, SCOTT D. AUSTIN, Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and SAVANNAH H. CONNALLY, Attorney,

United States Department of Veterans Affairs, of Washington, DC.

———————————

Before RADER, *Chief Judge,* REYNA, and WALLACH, *Circuit Judges.*

PER CURIAM.

Mary Blevins appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the Board of Veterans' Appeals' ("Board") denial of service connection and subsequent denial of her request to reopen her previously-denied claim. *Blevins v. Shinseki*, No. 12-353, 2013 U.S. App. Vet. Claims LEXIS 399 (Vet. App. Mar. 19, 2013) ("Veterans Court Decision"). This court affirms the decision of the Veterans Court.

## BACKGROUND

The veteran, Elmer G. Blevins, served in the U.S. Army Air Force from November 1945 to February 1947. During active service, Mr. Blevins received two awards: the Army of Occupation Medal and the World War II Victory Medal. In November 1988, Mr. Blevins died of cardiopulmonary arrest, which was due to ischemic heart disease. At the time of his death, Mr. Blevins had service connection for residuals of a broken nose.

Appellant, Mary Blevins, is the widow of the veteran. In November 1997 she filed a claim for entitlement to service connection, arguing that military service was the cause of Mr. Blevins's death. Her claim was denied by the Houston, Texas Veterans' Affairs ("VA") Regional Office ("RO") because the RO found no connection between service and Mr. Blevins's death. Ms. Blevins did not appeal this decision and it became final.

In July 2009 Ms. Blevins filed a request to reopen her claim. This request was denied in February 2010 by the

St. Paul, Minnesota RO, which explained that Ms. Blevins had not submitted new and material evidence sufficient to reopen the claim. Ms. Blevins requested review by a decision review officer in July 2010 and offered additional lay evidence. The Houston RO denied the request and issued a Statement of the Case. Ms. Blevins then appealed to the Board in January 2011, but it also found she had not submitted sufficiently new and material evidence to reopen her claim. Specifically, the Board found that "although the evidence was new, it was cumulative of evidence already in the record at the time of the December 1997 RO decision and did not demonstrate that the veteran's cause of death was related to his service-connected [nose] injury." Resp't's App. ("App.") 6.

Ms. Blevins appealed to the Veterans Court, and argued the merits of her claim: specifically that Mr. Blevins's death was related to his in-service nose injury. The Veterans Court declined to address this argument, explaining the only issue on appeal was whether the Board correctly determined that there was not sufficient new or material evidence related to Ms. Blevins's claim. Ms. Blevins also argued the VA failed to acquire all of the veteran's service records. The Veterans Court dismissed this as unfounded since she did not identify any missing relevant records.

Ms. Blevins also contended, for the first time, that Mr. Blevins had post-traumatic stress disorder ("PTSD") as a result of events that happened in service, and that he medicated his PTSD with alcohol, which caused the heart disease that ultimately led to his death. The Veterans Court determined that, because Ms. Blevins had not raised the PTSD issue before the Board, the Board "had no duty to consider it." *Id.* The Veterans Court likewise did not address this issue, except to explain that Ms. Blevins could submit additional arguments and evidence to the VA in a new claim to reopen.

Ms. Blevins filed this timely appeal.

### DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. Pursuant to 38 U.S.C. § 7292(a) (2012), this court has jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." This court must affirm a decision by the Veterans Court unless it is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1). Except to the extent that a constitutional issue is presented, this court may not review "a challenge to a factual determination," or "a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). The Veterans Court's legal determinations are reviewed de novo. *Cushman v. Shinseki*, 576 F.3d 1290, 1296 (Fed. Cir. 2009).

Ms. Blevins argues that PTSD "is what caused [Mr. Blevins's] illness and eventually [his] death." Appellant's Informal Br. 2. She requests that this court "accept PTSD as [the] reason for [Mr. Blevins's] illness. Not [the] nose injury." *Id.* Construing these arguments liberally, Ms. Blevins appears to contend that the Veterans Court legally erred in refusing to consider her claim for entitlement based on the new allegation related to PTSD.

This court has jurisdiction to consider de novo whether the Veterans Court properly exercised jurisdiction to hear arguments before it. *Ledford v. West*, 136 F.3d 776, 778 (Fed. Cir. 1998) ("Whether the [Veterans Court] had

jurisdiction is a matter of statutory interpretation" (citing 38 U.S.C. § 7252)); *see e.g.*, *Maggitt v. West*, 202 F.3d 1370, 1372 (Fed. Cir. 2000). The Veterans Court's jurisdiction is to be construed narrowly and "with precision and with fidelity to the terms by which Congress has expressed its wishes.'" *Kukana v. Holder*, 558 U.S. 233, 252 (2010) (quoting *Cheng Fan Kwok v. Immigration & Naturalization Serv.*, 392 U.S. 206, 212 (1968)).

The Veterans Court did not err in declining to consider Mr. Blevins's alleged PTSD. The issue before the Veterans Court was whether the Board erred in refusing to reopen Ms. Blevins's claim for entitlement pursuant to Mr. Blevins's in-service nasal injury. Any allegation of PTSD underlying Ms. Blevins's claim was not before the Board, and in turn, not properly before the Veterans Court to review. 38 U.S.C. § 7252(a), (b) (stating that the Veterans Court has jurisdiction "to review decisions of the [Board] . . . on the record of the proceedings before the Secretary and the Board"); *see also Henderson v. Shinseki*, 589 F.3d 1201, 1212 (Fed. Cir. 2009), *rev'd and remanded on other grounds*, *Henderson ex rel. Henderson v. Shinseki*, 131 S. Ct. 1197 (2011) ("[T]he Veterans Court reviews each case that comes before it on a record that is limited to the record developed before the RO and the Board.").

As the Veterans Court stated, Ms. Blevins remains able to bring a new claim to reopen based on any new and material evidence associated to the claims that Mr. Blevins suffered from service-connected PTSD, and that his heart disease and related death were caused by self-medicating for PTSD. *See* 38 U.S.C. § 5108.

For the foregoing reasons, the Veterans Court's decision is

## AFFIRMED

No Costs.