NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHRISTOPHER D. INGLE,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2016-1150

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-1817, Judge Mary J. Schoelen.

---

Decided: April 11, 2016

---

CHRISTOPHER D. INGLE, Port Saint Lucie, FL, pro se.

RETA EMMA BEZAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN A. MIZOGUCHI, ROBERT E. KIRSCHMAN, JR., BENJAMIN C. MIZER; Y. KEN LEE, SAMANTHA ANN SYVERSON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before REYNA, CHEN, and STOLL, *Circuit Judges.*

PER CURIAM.

Christopher D. Ingle appeals from an order issued by the United States Court of Appeals for Veterans Claims (Veterans Court) on September 10, 2015. *Ingle v. McDonald*, No. 15-1817, 2015 WL 5286708 (Vet. App. Sept. 10, 2015) (*Order*). The Veterans Court dismissed Mr. Ingle's appeal for lack of jurisdiction, as the Board of Veterans' Appeals (Board) had not yet issued a final decision on Mr. Ingle's claim for disability benefits. Because the Veterans Court correctly determined that it lacked jurisdiction over Mr. Ingle's appeal, we affirm.

## BACKGROUND

Mr. Ingle filed a claim with the Department of Veterans Affairs (VA) on October 2, 2011, seeking disability benefits related to an allegedly service-connected bilateral knee condition. In a Rating Decision dated October 11, 2012, the VA denied Mr. Ingle's claim. Mr. Ingle filed a Notice of Disagreement on November 14, 2012, and requested de novo review of his file. Over two years later, on December 3, 2014, the VA again denied Mr. Ingle's claim. Mr. Ingle submitted VA Form 9 ("Appeal to Board of Veterans' Appeals") on March 10, 2015, thereby appealing the VA's decision to the Board. Mr. Ingle's file was formally transferred to the Board on August 10, 2015, where it remains pending awaiting a hearing before the Board.

On May 3, 2015, the Veterans Court docketed Mr. Ingle's Notice of Appeal of an alleged final decision of the Board. The Secretary of Veterans Affairs filed a motion to dismiss Mr. Ingle's appeal on the ground that, in fact, the Board had yet to enter a final decision and the Veterans Court therefore lacked jurisdiction. In response, Mr. Ingle submitted a screenshot of the VA's eBenefits website that suggested the Board had entered a final decision on his claim on March 2, 2015.

Citing the evidence submitted by Mr. Ingle, the Veterans Court ordered the Secretary "to submit a reply to the appellant's opposition to his motion to dismiss, specifically addressing the VA eBenefits website notification that appears to indicate that the appellant's appeal was decided by the Board on March 2, 2015." J.A. 24–25. The Secretary submitted its reply on August 27, 2015. The reply included a declaration from Bruce P. Gipe, Principal Deputy Vice Chairman of the Board. J.A. 31–34. In his declaration, Mr. Gipe explained that the eBenefits website contained "inaccuracies" and that the VA had suspended its use of the website to provide appeal status. J.A. 33. Mr. Gipe further explained that he had reviewed the VA's internal database (known as VACOLS) and confirmed that no final decision had been issued by the Board with respect to Mr. Ingle's claim. J.A. 31. Mr. Gipe included in his declaration screen shots of the VACOLS database confirming the pending status of Mr. Ingle's appeal. J.A. 32–33.

Mr. Ingle subsequently confirmed that he had not yet received a decision from the Board. J.A. 55.

Based on the above evidence, the Veterans Court dismissed Mr. Ingle's appeal on September 10, 2015. The Veterans Court explained that "[p]ursuant to 38 U.S.C. §§ 7252 and 7266(a), in order for a claimant to obtain review of a Board decision by [the Veterans Court], that decision must be final." *Order*, 2015 WL 5286708, at *1. While the Veterans Court found the "misinformation" communicated via the VA's eBenefits website "unfortunate," it ultimately found that "there [wa]s no final Board decision to appeal." *Id.*

Mr. Ingle filed a motion to reconsider on September 26, 2015. The Veterans Court denied this motion. Mr. Ingle now appeals to this court.

DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. *Guillory v. Shinseki*, 603 F.3d 981, 986 (Fed. Cir. 2010). Under 38 U.S.C. § 7292(d)(1), we have jurisdiction over "all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). The Veterans Court's decision that it lacked jurisdiction over Mr. Ingle's appeal was a matter of statutory interpretation. *See Ledford v. West*, 136 F.3d 776, 778 (Fed. Cir. 1998). We therefore have jurisdiction over this appeal. We review the Veterans Court's decision that it lacked jurisdiction de novo. *Id.*

We conclude that the Veterans Court properly dismissed Mr. Ingle's appeal. The Veterans Court's jurisdiction is defined by 38 U.S.C. § 7252(a):

> The Court of Appeals for Veterans Claims shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals. The Secretary may not seek review of any such decision. The Court shall have power to affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate.

Under this provision, the Veterans Court's jurisdiction "'is premised on and defined by the Board's decision concerning the matter being appealed,' and *when the Board has not rendered a decision on a particular issue, the court has no jurisdiction to consider it under section 7252(a).*" *Howard v. Gober*, 220 F.3d 1341, 1344 (Fed. Cir. 2000) (emphasis added) (quoting *Ledford*, 136 F.3d at 779).

Here, there is no dispute that the Board has yet to render a final decision with regard to Mr. Ingle's disability claim. While the VA's eBenefits website at one time noted that a final decision had issued, the Veterans Court found that the website was in error. *Order*, 2015 WL 5286708, at *1. Mr. Ingle agrees that he "ha[s] to date not

received a Board Decision." Informal Br. of Appellant, App. 1 at 2.

Other issues raised by Mr. Ingle cannot change this result. In his informal brief, Mr. Ingle answered affirmatively to questions asking if (1) the Veterans Court's decision involved the validity or interpretation of a statute or regulation; and (2) he has other arguments he wishes to make. For each question, Mr. Ingle cited to certain statutory and regulatory provisions (38 U.S.C. §§ 501(a), 5107(b); 38 C.F.R. § 3.102) relating to the manner in which the VA weighs evidence when it reviews a claim. These provisions are not applicable here, where no final decision has been entered by the Board. Rather, they should be part of the analysis performed by the Board when it rules on Mr. Ingle's appeal.[1]

Because the Board has not yet rendered a final decision, we agree that the Veterans Court lacked jurisdiction to hear Mr. Ingle's appeal. We therefore affirm the Veterans Court's dismissal for lack of jurisdiction.[2]

## AFFIRMED

### COSTS

Each party shall bear their own costs.

---

[1] The court notes that Mr. Ingle filed his disability claim in October 2011. His appeal to the Board has been pending since at least August 10, 2015. The court encourages the Board to take up Mr. Ingle's appeal and issue a decision promptly.

[2] On February 23, 2016 and March 1, 2016, Mr. Ingle submitted letters to the court with additional information he considered relevant to the case. The court has considered Mr. Ingle's supplemental filings and finds that they have no bearing on the Veterans Court's jurisdiction to hear Mr. Ingle's appeal.