NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**REALDALIST A. FAHIE,**

*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2019-2058

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-3916, Judge Amanda L. Meredith.

---

Decided: November 6, 2019

---

REALDALIST A. FAHIE, Washington, DC, pro se.

KARA WESTERCAMP, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, MARTIN F. HOCKEY, JR., ROBERT EDWARD KIRSCHMAN, JR.; Y. KEN LEE, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before DYK, TARANTO, and CHEN, *Circuit Judges.*

PER CURIAM.

Realdalist Fahie appeals the judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his claim for increased disability compensation. We dismiss for lack of jurisdiction.

BACKGROUND

Mr. Fahie served on active duty with the United States Navy from January 1976 to November 1977. In July 1997, a Veterans Administration ("VA") regional office granted him entitlement to a 10 percent disability rating for his right-hand disability and lacerations of the dorsum of his right hand with tender scars ("scar disability"), effective August 4, 1995. Since then, Mr. Fahie has unsuccessfully sought increased ratings and an earlier effective date.

Most recently, in June 2012, Mr. Fahie sought an increased rating for his right-hand and scar disabilities and total disability based on individual unemployability ("TDIU"). In April 2014, the VA regional office continued granting Mr. Fahie a 10 percent disability rating for his right-hand and scar disabilities and denied his request for TDIU. Mr. Fahie filed a Notice of Disagreement with the Board, asserting that he was entitled to a higher disability rating, TDIU, and an earlier effective date. The VA regional office notified Mr. Fahie that it could not accept a claim for an earlier effective date on a final regional office decision affirmed by the Veterans Court, and the Board denied Mr. Fahie's claims for higher disability rating and TDIU. In a February 2018 memorandum decision, the Veterans Court held that it lacked jurisdiction to address Mr. Fahie's claim for earlier effective dates because it was not properly before the Board, affirmed the Board's decision as to the scar disability, vacated the Board's decision as to the

right-hand disability and TDIU, and remanded to the Board to provide an adequate statement of the reasons or bases for its underlying credibility determinations.

On July 19, 2018, the Board issued its determination denying Mr. Fahie entitlement to an increased disability rating for his right-hand disability and TDIU. Mr. Fahie again appealed to the Veterans Court, arguing that the Board erred by (1) denying an increased disability rating for his right-hand and scar disability, (2) denying TDIU, and (3) denying an earlier effective date. The Veterans Court again held that it had no jurisdiction to review Mr. Fahie's claims for an earlier effective date or increased disability rating for his scar disability because the Board's decision on appeal did not address those issues and affirmed the Board's denial of increased disability rating and TDIU. Mr. Fahie appeals to this court.

DISCUSSION

This court's authority to review decisions of the Veteran's Court is limited. We have jurisdiction to "decide all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). However, unless an appeal "presents a constitutional issue," this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* at § 7292(d)(2).

Under this standard, we lack jurisdiction over Mr. Fahie's appeal. The Veterans Court provided a detailed explanation of the legal basis for its decision.

First, the Veterans Court held that it had no jurisdiction to address Mr. Fahie's claims for earlier effective dates and increased disability rating for his scar disability because the Board decision being appealed did not address those issues. *See* 38 U.S.C. § 7252(a); *Ledford v. West*, 136 F.3d 776, 779 (Fed. Cir. 1998). Second, the Veterans Court held that the Board correctly found that Mr. Fahie was not

entitled to an increased disability rating for his right-hand disability because a 10 percent disability rating was the maximum rating allowed under diagnostic code ("DC") 5215,[1] and that Mr. Fahie was not entitled to an extraschedular rating because the evidence before the VA did not present an "exceptional disability picture that the available schedular evaluations for that service-connected disability are inadequate" as required under *Thun v. Peake*, 22 Vet. App. 111, 115 (2008), *aff'd sub nom. Thun v. Shinseki*, 572 F.3d 1366 (Fed. Cir. 2009). Finally, the Veterans Court found that the Board properly considered evidence of Mr. Fahie's eligibility for TDIU and properly discounted Mr. Fahie's evidence reflecting complete functional loss and unemployability. We do not discern any legal error in the Veterans Court's decision. *See* 38 U.S.C. § 7261(a)(4).

Mr. Fahie's "due process" arguments boil down to assertions that the Veterans Court improperly weighed the evidence for his claim. Absent a constitutional issue, we lack jurisdiction to review the Veterans Court's factual findings. 38 U.S.C. § 7292(d)(2)(A). Mr. Fahie's "characterization of [this appeal] as constitutional in nature does not confer upon us jurisdiction that we otherwise lack." *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999).

Because Mr. Fahie's appeal does not raise any issues within our jurisdiction, it must be dismissed.

## DISMISSED

### COSTS

No Costs.

---

[1]    DC 5215 applies to limitation of motion of a wrist that manifests as either "[d]orsiflexion [of] less than 15[ degrees]" or "[p]almar flexion limited in line with forearm." 38 C.F.R. § 4.71a, DC 5215.