NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CLYDE EDWARD WARD,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1030, 2023-1031

---

Appeals from the United States Court of Appeals for Veterans Claims in Nos. 21-6473, 22-4080, Judge Michael P. Allen.

---

Decided:  September 8, 2023

---

CLYDE EDWARD WARD, Toledo, OH, pro se.

DANIEL BERTONI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY; AMANDA BLACKMON, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

––––––––––––––––––

Before REYNA, TARANTO, and STARK, *Circuit Judges.*

PER CURIAM.

Clyde Ward appeals two decisions of the United States Court of Appeals for Veterans Claims ("Veterans Court") dismissing his requests for review of a Board of Veterans' Appeals ("Board") decision concerning his benefits. We have jurisdiction to review only one of these decisions. Accordingly, we affirm in part and dismiss in part.

I

Ward served on active duty in the United States Army from 1982 to 1985. Subsequently, the Department of Veterans Affairs ("VA") awarded Ward benefits for service-connected skin conditions. In 2009, Ward asked the VA to increase his disability rating. In January 2010, the Regional Office ("RO") denied his request. Ward filed a notice of disagreement, and the Board sustained the RO's decision in 2014.

On June 18, 2021, Ward sent a letter to the Board he labeled a "motion for revision of decision on grounds of claim of clear and unmistakable error." Respondent-Appellee's Supp. App. 58-70. In duplicate responses, sent on July 14, 2021 and August 26, 2021, the Board informed Ward it was construing his June 2021 letter as a motion for reconsideration and as a motion for revision of a decision based on clear and unmistakable error ("CUE"). Citing 38 C.F.R. § 20.1404(e), which provides that a motion for reconsideration is not considered a motion for CUE, the Board explained that it would address Ward's motion for reconsideration but not his motion for CUE.

Ward then filed a notice of appeal with the Veterans Court; this appeal was assigned case number 21-6473. In it, Ward challenged the Board's summer 2021 responses as denials of his claim for increased benefits. The Veterans

Court, pointing to the lack of a final appealable decision, asked Ward to explain how it had jurisdiction. The Veterans Court construed Ward's response as a "petition seeking a writ of mandamus concerning the refusal [of the Board] to adjudicate his CUE motion" and opened a new mandamus case, which it assigned case number 22-4080. The Veterans Court then dismissed Ward's original appeal, case number 21-6473.

Meanwhile, in July 2022, the Board sent Ward a letter saying it would consider both his motion for reconsideration and his CUE motion. This prompted the Veterans Court to deny Ward's petition for a writ of mandamus since the Board was now considering Ward's request for reconsideration and his CUE motion, and these two reviews were the very relief he was seeking by mandamus. Therefore, the Veterans Court found his mandamus petition moot.

Ward appealed both the dismissal for lack of jurisdiction in 21-6473 and the dismissal of his mandamus petition as moot in 22-4080. We consolidated the Appeals.

II

While our jurisdiction over the Veterans Court is limited, we may "decide all relevant questions of law, including interpreting constitutional and statutory provisions . . . that [were] relied upon in the decision of" the Veterans Court. 38 U.S.C. § 7292(d)(1). We may not, however, review either "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case." § 7292(d)(2).

III

We have jurisdiction to review Ward's appeal as to Veterans Court appeal number 21-6473 because the Veterans Court's evaluation of its own jurisdictional statute presents a question of law. *See Ledford v. West*, 136 F.3d 776, 778 (Fed. Cir. 1998). The Veterans Court is authorized "to

review *decisions* of the Board of Veterans' Appeals," 38 U.S.C. § 7252(a) (emphasis added), and a decision requires a grant or denial of relief, *see* 38 U.S.C. § 7104(d). Because the Board had not, in its summer 2021 letters, either granted or denied Ward's motion for reconsideration, and it had not yet docketed his motion for revision on the basis of CUE, the Veterans Court lacked jurisdiction to hear appeal 21-6473. *See Maggitt v. West*, 202 F.3d 1370, 1376 (Fed. Cir. 2000) ("A 'decision' of the Board . . . is the decision with respect to the benefit sought by the veteran: those benefits are either granted . . . or they are denied.").

We lack jurisdiction to review the Veterans Court's decision as to appeal 22-4080. There, the Veterans Court determined that all of the relief sought in Ward's mandamus petition – consideration by the Board of both his motion for reconsideration and his CUE motion – had been granted by the Board itself, as the Board notified Ward on July 27, 2022 that it was considering his June 23, 2021 letter as both a motion for reconsideration and as a motion for CUE. *See Mote v. Wilkie*, 976 F.3d 1337, 1341 (Fed. Cir. 2020) ("[A] case becomes moot when a claimant receives all her requested relief."). Ward's argument to us is that, in reaching the mootness conclusion, the Veterans Court "failed to correctly apply the facts presented to it." Appellant Br. 1. This is a dispute over which we may not exercise jurisdiction. *See* 38 U.S.C. § 7292(d)(2) ("[T]he Court of Appeals may not review . . . a challenge to a law or regulation as applied to the facts of a particular case."); *see also Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013) ("In conducting . . . a review [of the Veterans Court's denial of a petition for writ of mandamus], we do not interfere with the [Veterans Court's] role as the final appellate arbiter of the facts underlying a veteran's claim or the application of veterans' benefits law to the particular facts of a veteran's case.").

To the extent Ward is additionally arguing, in connection with either portion of his appeal, that the Veterans

Court failed to consider material evidence, and thereby violated his legal rights, his contention concerns the Veterans Court's consideration of evidence, which is outside our jurisdiction. *See King v. Shinseki*, 700 F.3d 1339, 1346 (Fed. Cir. 2012) ("Because [claimant] only challenges the evaluation and weighing of evidence, this court lacks jurisdiction over this appeal."). He does not present a genuine legal or Constitutional issue, which we would be permitted to review. We also lack jurisdiction to consider Ward's allegation that a Board judge had a conflict of interest and should have recused himself. *See Morris v. West*, 155 F.3d 569 (Table) (Fed. Cir. 1998) ("[T]his court lacks jurisdiction to review the recusal issue.").

## IV

We have considered Ward's additional arguments and find they do not affect the disposition of this case. For these reasons, we affirm the Veterans Court's dismissal of appeal 21-6473 for lack of jurisdiction and dismiss for lack of jurisdiction his appeal of appeal 22-4080.

**AFFIRMED IN PART AND DISMISSED IN PART**

COSTS

No Costs.