NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GEIRY L. MATHIS,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7093

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 10-2052, Judge Mary J. Schoelen.

---

Before BRYSON, MOORE, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

## ORDER

While serving on active duty in the U.S. Army from June 1968 to September 1969, Geiry L. Mathis was injured as a result of a gunshot wound to the left side of his head. A Department of Veterans Affairs Regional Office (RO) granted Mr. Mathis service-connected disability status, rating his residual wounds at 10% disabling and his headaches and tinnitus as the result of the trauma as

10% disabling. The RO subsequently increased Mr. Mathis's combined disability rating to 60% disabling based on the finding that he was entitled to service connection for a nonpsychotic organic brain syndrome (OBS) condition with brain trauma and tinnitis.

In March 1979, the RO issued a decision, reducing Mr. Mathis's disability rating for OBS from 50% to 30% disabling. That decision rendered Mr. Mathis ineligible for compensation for a total disability rating based on individual unemployability (TDIU).

In May 1989, the RO denied Mr. Mathis entitlement to service connection for post-traumatic stress disorder (PTSD), and denied him an increased disability rating for his tinnitus with headaches. Mr. Mathis sought to reopen that decision with regard to his PTSD claim and was eventually granted entitlement to service connection at 100% disabling, effective January 20, 1991.

The decision of the United States Court of Appeals for Veterans Claims (the Veterans Court) on appeal addressed a number of asserted errors in the March 1979 and May 1989 RO decisions. With regard to the March 1979 decision, the Veterans Court affirmed a favorable ruling by the Board of Veterans' Appeals finding clear and unmistakable error (CUE) in that 1979 decision to reduce his disability rating. The Veterans Court also affirmed the Board's decision to remand the matter to the RO for a determination in the first instance on whether at the time of that decision he was entitled to TDIU.

As to Mr. Mathis's PTSD condition, the Veterans Court found that he did not assert any error with regard to the Board's factual finding that his January 20, 1991 correspondence was the earliest correspondence after May 1989 that could serve as the effective date for his PTSD claim, and therefore affirmed that determination. However, because the Board failed to adjudicate whether the

May 1989 decision was the product of CUE insofar as it denied entitlement to compensation for PTSD, the Veterans Court remanded for proper adjudication.

Finally, with regard to his tinnitus condition, the Veterans Court remanded for the Board to consider multiple theories of CUE in the 1989 decision, including whether Mr. Mathis was entitled to two 10% disability ratings for tinnitus in each ear.

This appeal followed.

At the outset, we are confronted with several jurisdictional obstacles to the arguments raised in Mr. Mathis's informal brief. As to the PTSD and tinnitus CUE matters, this court has held that remand orders of the Veterans Court are normally not reviewable. *See Joyce v. Nicholson*, 443 F.3d 845, 849 (Fed. Cir. 2006); *Williams v. Principi*, 275 F.3d 1361, 1363 (2002); *Adams v. Principi*, 256 F.3d 1318, 1320 (2001). Although we have recognized certain exceptions to that rule, such as where the remand action itself would independently violate the rights of the veteran, Mr. Mathis does not argue that those circumstances are presented here, nor can we find any support in the record for the application of that exception.

We also lack jurisdiction to review whether the Veterans Court erred in affirming the Board's decision to remand Mr. Mathis's TDIU CUE matter to the RO on the ground that it lacked jurisdiction to consider that issue since it was not decided by the Board. *Mathis v. Shinseki*, 2012 WL 204259, at *3 (citing *Jarrell v. Nicholson*, 20 Vet.App. 326, 331 (2006) (en banc)). The Veterans Court did not interpret any laws or regulations; rather it applied the law to the facts of the case. *Id.; see Ferguson v. Principi*, 273 F.3d 1072, 1075-76 (Fed. Cir. 2001). As the Veterans Court's determination that it lacks jurisdiction to decide a CUE claim in the first instance is an applica-

tion of law to fact, the issue is not reviewable by this court. *See* 38 U.S.C. § 7292(d)(2).

To the extent that Mr. Mathis's brief criticizes the manner in which the Board weighed the evidence regarding his claim for an earlier effective date for his PTSD claim, that is a question of fact or application of law to fact that is also outside this court's limited jurisdiction. *See Butler v. Shinseki*, 603 F.3d 922, 926 (Fed. Cir. 2010). Absent a constitutional issue, we may not review challenges to factual determinations or challenges to the application of a law or regulation to facts. *See* 38 U.S.C. § 7292(d)(2).

We are not persuaded by Mr. Mathis's other arguments, over which we do have jurisdiction. Mr. Mathis argues that the Department of Veterans Affairs violated his due process rights. Although it is not entirely clear what rights he claims to have been deprived of, there is no merit to his argument. Due process ensures a party a meaningful right to be heard with respect to the denial of important government benefits, including veterans' disability benefits. *See Cushman v. Shinseki*, 576 F.3d 1290, 1298-1300 (Fed. Cir. 2009). The fact that Mr. Mathis must abide by the governing statutory scheme in seeking entitlement to benefits does not deprive him of his right to be heard regarding that claim.

The court also rejects Mr. Mathis's arguments regarding a right to a jury trial. While the Seventh Amendment provides the right to a jury trial in civil suits at common law, it is not "implicated in the VA adjudication process." *Paswell v. Nicholson*, 21 Vet. App. 102 (2006); *see also Tull v. United States*, 481 U.S. 412 n.4 (1987). Accordingly, this constitutional claim is also without merit.

Accordingly,

IT IS ORDERED THAT:

5    GEIRY MATHIS v. SHINSEKI

(1) The appeal is dismissed-in-part and the judgment of the Veterans Court is summarily affirmed.

(2) Each side shall bear its own costs.

FOR THE COURT

SEP 2 0 2012
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc: Geiry L. Mathis
    Nicholas Jabbour, Esq.

s26

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

SEP 2 0 2012

JAN HORBALY
CLERK