NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GEIRY L. MATHIS,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2015-7054

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-386, Judge Coral Wong Pietsch.

---

Decided: August 10, 2015

---

GEIRY L. MATHIS, Home, PA, pro se.

AMELIA LISTER-SOBOTKIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN; DAVID J. BARRANS, CHRISTINA LYNN GREGG, Office of General Counsel, United States Department of Veterans Affairs.

———————————

Before PROST, *Chief Judge,* NEWMAN and TARANTO, *Circuit Judges.*

PER CURIAM.

Geiry L. Mathis appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") that dismissed, for lack of jurisdiction, Mr. Mathis's appeal of a remand decision of the Board of Veterans' Appeals ("Board"). Mr. Mathis's central contention in this case is that he has wrongly been denied total disability due to individual employability ("TDIU") resulting from an injury sustained during combat service. Because the Veterans Court correctly determined that it lacked jurisdiction to review the Board's remand decision, we affirm that portion of the Veterans Court's decision. Because we lack jurisdiction over the remaining portions of this appeal, they are dismissed.

## BACKGROUND

Mr. Mathis served on active duty in the U.S. Army from June 1968 to September 1969, and was engaged in combat service in the Republic of Vietnam. During his service, Mr. Mathis was injured by a gunshot wound to the left side of his head. In October 1969, the U.S. Department of Veterans Affairs regional office ("RO") awarded Mr. Mathis a disability rating of 20%, wherein the first 10% arose from a scar as a residual of the gunshot wound, and the second 10% arose from headaches and tinnitus as a result of the trauma, under diagnostic code 9304 for organic brain syndrome ("OBS"). In January 1979, the RO increased Mr. Mathis's disability rating for OBS from 10% to 50%, resulting in a combined disability rating of 60%, which satisfied one criterion for TDIU. *See* 38 C.F.R. § 4.16(a). The RO also found individual unemployability and granted Mr. Mathis TDIU with an effective date of October 17, 1978.

In March 1979, the RO requested a new medical examination and, this time, the examiner determined there was no basis for Mr. Mathis's OBS diagnosis. Finding that the evidence no longer warranted sustaining a 50% rating, the RO reduced Mr. Mathis's disability rating for OBS from 50% to 30%. As a result, the RO concluded that Mr. Mathis no longer met the requirements for TDIU.

From the RO's March 1979 decision sprung a number of appeals and remands. The first line of decisions addressed an issue not on appeal here—Mr. Mathis's contention that the March 1979 decision to reduce his disability rating from 50% to 30% contained clear and unmistakable error ("CUE"). Specifically, the Board found the RO's decision did not contain CUE, but the Veterans Court vacated and remanded. The Board, on remand, again determined that the 1979 decision did not contain CUE, but the Veterans Court again reversed and remanded, this time with directions for the Board to restore Mr. Mathis's 50% disability rating for OBS. Important to the present appeal, the Veterans Court noted in its 2008 decision that it lacked jurisdiction to address Mr. Mathis's additional argument that the March 1979 decision *also* involved CUE with respect to the denial of TDIU, as this was a distinct theory of CUE that had not been previously presented to the RO and adjudicated by the Board. On remand, the Board restored Mr. Mathis's disability rating for OBS to 50%, found that it, too, lacked jurisdiction over the issue of whether there was CUE in the March 1979 denial of TDIU, and remanded that matter back to the RO. Thereafter, the Veterans Court affirmed the Board's restoration of Mr. Mathis's 50% disability rating for OBS as well as its referral of the TDIU matter back to the RO. On appeal to this court, we summarily affirmed and dismissed-in-part.

Meanwhile, in a second line of decisions relevant to this appeal, the RO found in February 2011 that its March 1979 decision to deny Mr. Mathis entitlement to

TDIU did not contain CUE. Mr. Mathis filed a notice of disagreement, but no further action was taken by the RO. In December 2013, the Board determined that because the RO had not taken any action in response to Mr. Mathis's notice of disagreement, the matter must be remanded to the RO for issuance of a statement of the case ("SOC"), during which proceedings Mr. Mathis could submit additional evidence and argument. Mr. Mathis appealed the Board's remand decision to the Veterans Court. In a single-judge order in August 2014, that court dismissed his appeal for lack of jurisdiction on grounds that the Board's remand decision for a SOC was not a final appealable decision. In that same decision, the Veterans Court also denied Mr. Mathis's motions for an extension of a stay of proceedings to obtain counsel and for reassignment of the case to another judge. Following the single-judge decision, Mr. Mathis filed a motion for panel review (which was granted, following which the panel adopted the single-judge order as the decision of the court) and a motion for panel and full-court reconsideration (which was denied). Mr. Mathis now appeals to us.

## DISCUSSION

Mr. Mathis asks this court to finally resolve his claim that he has wrongly been denied TDIU. He argues that, now that the agency has correctly found that the March 1979 disability rating reduction was the result of CUE, the agency must also recognize that the March 1979 denial of TDIU cannot stand. It is Mr. Mathis's position that the agency's continuous appeals and remands, without resolving the TDIU issue, constitutes a misapplication of 38 C.F.R. §§ 3.105(a), 4.1, 4.2, 4.41, and 4.42 and violation of his due process and constitutional rights.

Our ability to act is bound by the jurisdictional and procedural rules that govern appeals of veterans' claims through the agency, the Veterans Court, and this court. In this case, Mr. Mathis is appealing from the Veterans

Court's decision that it lacks jurisdiction over the Board's remand decision. Whether the Veterans Court possessed jurisdiction over Mr. Mathis's appeal is an issue of statutory construction that we review without deference. 38 U.S.C. § 7292; *Howard v. Gober*, 220 F.3d 1341, 1343 (Fed. Cir. 2000).

The Veterans Court correctly determined that it lacked jurisdiction. Section 7252(a) of Title 38 of the United States Code Annotated provides in relevant part:

> § 7252. Jurisdiction; finality of decisions

> The Court of Appeals for Veterans Claims shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals. The Secretary may not seek review of any such decision. The Court shall have power to affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate.

38 U.S.C. § 7252(a). As we explained in *Howard*, "the Court of Appeals for Veterans Claims' jurisdiction 'is premised on and defined by the Board's decision concerning the matter being appealed,' and when the Board has not rendered a decision on a particular issue, the [Veterans] [C]ourt has no jurisdiction to consider it under section 7252(a)." 220 F.3d at 1344 (quoting *Ledford v. West*, 136 F.3d 776, 1343 (Fed. Cir. 1998)). Here, the Veterans Court dismissed on grounds that the Board's remand decision for a SOC was not a final appealable decision that addressed the merits of Mr. Mathis's challenge to the TDIU determination. The Veterans Court was correct to do so, as a Board remand decision is "not a decision within the meaning of section 7252(a)." *Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1365 (Fed. Cir. 2005).

Our inability to act at this stage, however, does not mean that Mr. Mathis cannot obtain the relief he seeks. The issue of CUE in the March 1979 denial of TDIU has

been remanded to the RO. In that forum, Mr. Mathis can present his arguments that certain regulations have been misapplied, and that his now correctly restored 50% OBS disability rating gives rise to a combined rating that entitles him to TDIU. If Mr. Mathis disagrees with the RO's determination, he can, at that time, seek further review.

We also conclude that we lack jurisdiction to consider the Veterans Court's denials of Mr. Mathis's motions for an extension of a stay of proceedings to obtain counsel and for reassignment of the case to another judge. With respect to the stay motion, the Veterans Court noted that it had already granted Mr. Mathis multiple stays to obtain counsel, and thus opted to exercise its discretion under Rule 5(a)(3) of its Rules of Practice and Procedure in denying an additional extension. This determination was a factual one, does not present any question of law, and is therefore outside our jurisdiction. 38 U.S.C. § 7292. Likewise, with respect to Mr. Mathis's motion for reassignment to Judge Schoelen (who has handled other of Mr. Mathis's matters), the Veterans Court noted that the motion to dismiss was properly assigned to Judge Pietsch according to the court's Internal Operating Procedures, and that no exception to the usual rules applied. Nevertheless, the Veterans Court went on to further consider Mr. Mathis's motion in the exercise of its discretion, but concluded that reassignment was not warranted in this case. Again, this determination was a factual one, does not present any question of law, and is therefore outside our jurisdiction. 38 U.S.C. § 7292.

For the foregoing reasons, we affirm the Veterans Court's dismissal of the Board's remand decision, and dismiss the remaining portions of this appeal.

**AFFIRMED-IN-PART AND DISMISSED-IN-PART**

## Costs

Each party shall bear their own costs.