NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GEIRY L. MATHIS,**

*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2016-1226

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-314, Judge Mary J. Schoelen.

---

Decided: April 12, 2016

---

GEIRY L. MATHIS, Home, PA, pro se.

JESSICA COLE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY JR.; BRIAN D. GRIFFIN, MEGHAN ALPHONSO, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, *Chief Judge,* LOURIE and TARANTO, *Circuit Judges.*

PER CURIAM.

Geiry L. Mathis ("Mathis") appeals from a decision of the United States Court of Appeals for Veterans Claims (the "Veterans Court") remanding certain of his claims to the Board of Veterans' Appeals (the "Board") and affirming the Board's rejection of other claims. *See Mathis v. McDonald*, No. 14-0314, 2015 WL 5255331 (Vet. App. Sept. 10, 2015); *see also* Resp't's App. ("R.A.") 1–23. For the reasons that follow, we *affirm in part and dismiss in part*.

## BACKGROUND

Mathis served on active duty in the U.S. Army from June 1968 to September 1969, and suffered a gunshot wound to the left side of his head during combat in the Republic of Vietnam. Mathis's attempts to receive disability benefits for that injury are chronicled in his three prior appeals to this Court, *see Mathis v. McDonald*, 625 F. App'x 539 (Fed. Cir. 2015); *Mathis v. Shinseki*, 484 F. App'x 565 (Fed. Cir. 2012); *Mathis v. Shinseki*, 494 F. App'x 78 (Fed. Cir. 2012); accordingly, we only detail the history relating to the present appeal.

In May 1989, the Board issued a decision denying Mathis a disability rating in excess of 10% for tinnitus with headaches. R.A. 6. Mathis moved to revise that rating in March 2007 on the basis of clear and unmistakable error ("CUE"). R.A. 7. Mathis alleged that the Board should have rated his tinnitus and headaches separately, that the Board should also have given him a rating for tinnitus in each ear, and that the VA committed malfeasance in denying his claims. R.A. 7.

The Board denied those claims in 2007, but the Veterans Court vacated and remanded the Board's decision

because the Board did not separately address each allegation of CUE, and the court did not agree with the Board's conclusion that Mathis simply disputed the manner in which the Board weighed the evidence. R.A. 7. In 2010, the Board again dismissed Mathis's CUE claims as disputing the Board's weighing of the evidence. R.A. 8. The Veterans Court again vacated the Board's dismissal of Mathis's CUE claims and remanded, again determining that the Board had not adequately explained why Mathis's claims amounted to no more than a dispute over the weighing of evidence. R.A. 9.

Mathis also sought benefits for post-traumatic stress disorder ("PTSD") in a parallel line of cases. In November 1987, and again in May 1989, the Board denied service connection for PTSD, concluding that the necessary symptoms were not shown by the medical evidence. R.A. 6. In July 1995, the regional office ("RO") reopened Mathis's claim and awarded service connection for PTSD, with a 100% disability rating effective January 31, 1994, later made effective as of January 20, 1991. R.A. 6–7. Mathis has since alleged that he made claims for service connection for PTSD in 1983 and 1985, and that those claims remain unadjudicated. R.A. 7–8.

In December 2013, the two lines of cases converged in a Board decision finding no CUE in the two 1989 decisions. Specifically, the Board found that there was no CUE in denying a rating in excess of 10% for tinnitus with headaches, not assigning two separate ratings for bilateral tinnitus, not assigning a separate rating for headaches, and denying earlier service connection for PTSD. R.A. 9.

The Veterans Court reversed the Board's finding that there was no CUE in not giving Mathis a separate rating for headaches, but remanded to the Board for the determination whether correct application of the governing regulations would have changed the outcome. R.A. 13.

The Veterans Court also determined that the Board failed to address Mathis's allegations of malfeasance, despite those allegations having been "twice remanded . . . for the Board to adjudicate." R.A. 14–15. Therefore, the Veterans Court again remanded the claim for the Board's consideration. R.A. 15. The Veterans Court affirmed, however, the Board's determinations that the 1989 governing regulations did not provide for a separate rating for tinnitus for each ear, that Mathis was awarded the maximum disability rating for tinnitus, that there was no CUE in the Board's 1989 denial of service connection for PTSD, and that the 1983 and 1985 PTSD claims were not unadjudicated because they were subsumed in Mathis's adjudicated 1987 claim. R.A. 15–21.

Mathis timely appealed, seeking to invoke our jurisdiction under 38 U.S.C. § 7292.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. We may review a Veterans Court decision with respect to the validity of a decision on a rule of law or the validity or interpretation of any statute or regulation that was relied upon by the Veterans Court in making its decision. *Id.* § 7292(a). Unless a constitutional issue is presented, we have no jurisdiction to review questions of fact or the application of a law or regulation to a particular set of facts. *Id.* § 7292(d)(2).

We begin with the issue decided by the Veterans Court adverse to Mathis and involving the interpretation of a regulation. The Veterans Court determined that the regulations in 1989 provided a maximum of 10% disability rating for tinnitus, and that there was no legal basis on which to award separate ratings for tinnitus in each ear. R.A. 15. We see no error in the interpretation made by the Veterans Court. Indeed, we have already upheld the Secretary's interpretation of the regulations as providing a single rating for tinnitus, and a maximum disability

rating of 10%. *Smith v. Nicholson*, 451 F.3d 1344, 1450–51 (Fed. Cir. 2006).

Mathis next argues that the Veterans Court erred in finding that the Board's denial of his 1987 PTSD claims adjudicated his 1983 and 1985 claims because the 1983 and 1985 claims were different from the 1987 claims. Appellant's Br. 3. This argument does not challenge the interpretation of a regulation or statute, however, and instead challenges the manner in which the Veterans Court applied established law to the facts of his 1983, 1985, and 1987 PTSD claims. Accordingly, that issue is beyond our jurisdiction. *See* 38 U.S.C. § 7292(d)(2). Moreover, Mathis's disagreement with the Veteran's Court's affirmance of the 1989 denial of service connection for PTSD merely challenges the application of law to facts, and similarly is beyond our jurisdiction.

Mathis also argues that the Veterans Court misinterpreted 38 C.F.R. §§ 3.105(a), 4.1, 4.2, and 4.7, which are respectively directed to the effect of a reversed Board decision, the requirements for a disability rating, the interpretation of examination reports, and the impact of two possible ratings for the same disability. Review of his allegations, however, reveals that Mathis is in fact challenging the manner in which the Board or the Veterans Court applied those regulations to the facts of his case. *Livingston v. Derwinski*, 959 F.2d 224, 225 (Fed. Cir. 1992) ("[T]he mere recitation of a basis for jurisdiction by party or a court[ ] is not controlling; we must look to the true nature of the action."). Accordingly, those issues are also outside of our jurisdiction. *See* 38 U.S.C. § 7292(d)(2).

Mathis also appears to be frustrated with the Veterans Court's decision to remand his headache and malfeasance claims to the Board for further proceedings, and asks us to instead reverse the Board so that his case does not undergo further proceedings on remand. Appellant's

Br. 7–8.   Mathis's frustration is understandable, as his claims have been remanded to the Board several times before, only to be inadequately addressed.   His malfeasance allegation, for example, is being remanded to the Board for the third time.   Nevertheless, this court only reviews remand orders where (1) there is a clear and final decision on a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues adversely affects the party seeking review; and (3) there is a substantial risk that a remand would moot the issue.   *Williams v. Principi*, 275 F.3d 1361, 1364 (Fed. Cir. 2002).   Mathis has not made the required showing, and so we cannot disturb the remand order.

Mathis also raises numerous other arguments neither presented to nor decided by the Veterans Court.   For example, Mathis argues that there was CUE in a 1979 rating decision and that other previous PTSD claims are unadjudicated; he also asks us to order the Secretary to adjudicate a total disability individual unemployability claim.   Some or all of these arguments involve claims not presented to the Board in the matters before the Veterans Court, and hence outside that court's jurisdiction.   See *Ledford v. West*, 136 F.3d 776, 779 (Fed. Cir. 1998).   In any event, we generally do not consider issues neither presented to nor decided by the Veterans Court, *Forshey v. Principi*, 284 F.3d 1335, 1355–58 (Fed. Cir. 2002) (en banc), *superseded on other grounds by statute*, Veterans Benefits Act of 2002, Pub. L. No. 107-330, § 402, 116 Stat. 2820, 2832, and we see no reason to depart from that practice here.

Finally, Mathis also alleges that his constitutional rights were violated by inadequate medical exams and by his PTSD claims not being adequately addressed.   The Veterans Court found that most of Mathis's constitutional

allegations were "mere assertions of constitutional impropriety without legal support." R.A. 21. The Veterans Court only addressed Mathis's argument that his due process rights were violated by the failure to adjudicate the 1983 and 1985 PTSD claims, finding that there was no violation because the claims were addressed in the 1987 decision. We agree that there was no due process violation as to the 1983 and 1985 PTSD claims because they were subsumed in and therefore adjudicated by the Board's 1987 decision. Moreover, Mathis's attempts to characterize his arguments "as constitutional in nature does not confer upon us jurisdiction that we otherwise lack." *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999).

CONCLUSION

We have considered Mathis's remaining arguments, but find them unpersuasive. For the foregoing reasons, this appeal is affirmed in part and dismissed in part.

**AFFIRMED IN PART, DISMISSED IN PART**