NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GEIRY L. MATHIS,**
*Claimant-Appellant*

v.

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2016-1583

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-3298, Judge Robert N. Davis.

---

Decided: June 13, 2016

---

GEIRY L. MATHIS, Home, PA, pro se.

JESSICA COLE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, Jr., MARTIN F. HOCKEY, JR.; Y. KEN LEE, BRANDON A. JONAS, Office of

General Counsel, United States Department of Veterans Affairs, Washington, DC.

―――――――――――

Before DYK, PLAGER, and REYNA, *Circuit Judges.*

PER CURIAM.

Geiry L. Mathis appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for extraordinary relief in the nature of mandamus. We <u>affirm</u>.

BACKGROUND

Mr. Mathis served on active duty in the U.S. Army from June 1968 to September 1969. In 1979, Mr. Mathis asserted entitlement to a total disability based on individual unemployability ("TDIU") after having received a 30 percent disability rating for non-psychotic organic brain syndrome ("OBS"), brain trauma, and tinnitus. The Department of Veterans Affairs ("VA") denied his TDIU claim. Mr. Mathis appealed, and in 1989 the Board of Veterans' Appeals ("Board") also denied TDIU. Mr. Mathis did not appeal further, and the decision became final.

In 2013, Mr. Mathis alleged clear and unmistakable error ("CUE") with respect to the denial of his TDIU claim in 1979. The Board in 2013 remanded the issue of whether the 1979 decision denying entitlement to TDIU should be reversed or revised on the basis of CUE. While that Board decision was still pending on remand to the VA, Mr. Mathis appealed to the Veterans Court, which dismissed for lack of jurisdiction. We affirmed. *Mathis v. McDonald*, 625 F. App'x 539, 542 (Fed. Cir. 2015).

Between 2013 and 2015, the VA did not act on Mr. Mathis's remanded TDIU claim. In July 2015, Mr. Mathis filed a motion with the Veterans Court which the

court construed as a petition for mandamus on the basis that the VA had failed to expeditiously process Mr. Mathis's TDIU claim. The Secretary of Veterans Affairs filed a response indicating that Mr. Mathis's TDIU claim had been merged with a separate claim remanded by the Veterans Court in 2015. As to that separate claim, the Veterans Court had concluded in 2015 that the Board in a separate decision erred by failing to consider whether Mr. Mathis was entitled to a disability rating for headaches separate from his tinnitus and OBS, and remanded for a consideration of whether the error manifestly changed the outcome of Mr. Mathis's disability rating. The Secretary apologized for the delay in resolving the TDIU claim and explained that the merged claims were both formally docketed before the Board and would be decided promptly after the mandate issued on the Veterans' Court's 2015 decision and Mr. Mathis's 90-day period to submit evidence expired.

In January 2016, the Veterans Court denied Mr. Mathis's petition for mandamus. *Geiry L. Mathis v. Robert A. McDonald*, No. 15-3298 (Vet. App. Jan. 20, 2016). The court explained that Mr. Mathis did not demonstrate a clear and indisputable right to the writ because his case had been placed on the Board's docket and he had not demonstrated that the decision to merge the claims on remand had caused unreasonable delay amounting to a refusal to act. The court declined to address Mr. Mathis's arguments on the merits of the CUE issue, explaining that a writ is not a substitute for the appeals process. Mr. Mathis now appeals to our court the 2016 decision of the Veterans Court denying his petition.

We have limited jurisdiction to review decisions of the Veterans Court. We have jurisdiction to review the Veterans Court's denial of a writ of mandamus only in circumstances involving a constitutional claim or the interpretation of a regulation or statute. 38 U.S.C.

§ 7292(c); *Lamb v. Principi*, 284 F.3d 1378, 1381 (Fed. Cir. 2002). Because Mr. Mathis alleges constitutional due process violations in connection with the denial of his petition, we have jurisdiction. *See Lamb*, 284 F.3d at 1381. We review the Veterans Court's denial of a petition for a writ of mandamus for abuse of discretion. *Id.* at 1384; *see also Hargrove v. Shinseki*, 629 F.3d 1377, 1379 (Fed. Cir. 2011).

DISCUSSION

On appeal, Mr. Mathis challenges the delay associated with his CUE motion between 2013 and 2015 and argues that the VA impermissibly merged that motion with the disability rating issue remanded in 2015. To be entitled to a writ of mandamus, a petitioner must demonstrate "(1) that he has a 'clear and indisputable right' to the writ and (2) that he has no alternative way to obtain the relief sought." *Lamb*, 284 F.3d at 1382 (quoting *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 403 (1976)). "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr*, 426 U.S. at 402.

At the time the Veterans Court considered Mr. Mathis's petition for writ of mandamus, the Board had already docketed but not resolved Mr. Mathis's CUE motion regarding the TDIU issue. While there has been a continuing delay in deciding the TDIU claim associated with the merger of the TDIU claim with the disability rating claim remanded in 2015, the Board is not required to adjudicate each claim in a separate decision, and it was not unreasonable for the Board to merge the two related claims here. There is no suggestion that the VA has delayed in resolving the disability rating issue, and the disability rating would affect the TDIU decision. We assume that the VA will act promptly to resolve Mr. Mathis's claims. The Veterans Court did not abuse its discretion in denying Mr. Mathis's petition for manda-

mus.  We have considered Mr. Mathis's other arguments and find them to be without merit.

## AFFIRMED

### Costs

No costs.