NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GEORGE DUNBAR PREWITT, JR.,**

*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2025-1523

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 24-5248, Judge Joseph L. Falvey, Jr.

---

Decided: November 21, 2025

---

GEORGE DUNBAR PREWITT, JR., Greenville, MS, pro se.

DANIEL HOFFMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY, BRETT SHUMATE; EVAN SCOTT GRANT, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before LOURIE, SCHALL, and STOLL, *Circuit Judges*.

PER CURIAM.

George D. Prewitt, Jr., proceeding pro se, appeals from the final decision of the United States Court of Appeals for Veterans Claims denying his petition for extraordinary relief in the form of a writ of mandamus. To the extent that Mr. Prewitt raises a constitutional question within our limited jurisdiction, we affirm.

## BACKGROUND

Mr. Prewitt was drafted into the United States Army on March 12, 1968, and honorably discharged on March 11, 1970. While serving as an infantry soldier in the Vietnam War, Mr. Prewitt suffered a gunshot wound to the neck. Mr. Prewitt sought disability benefits for this injury and was awarded benefits based on a 30% disability rating. Mr. Prewitt has since sought, with some success, to attain an increase in his disability rating and an earlier effective date for any such increase. His efforts have entailed numerous appeals.

At issue here is Mr. Prewitt's petition for a writ of mandamus at the Veterans Court, in which he appeared to ask the Veterans Court to (1) compel the Board of Veterans' Appeals to issue a decision addressing remand directives from the Veterans Court and claims that we determined were intertwined with the remanded portions of the Veterans Court's decision, and (2) order the return of illegal exactions taken from Mr. Prewitt. *See Prewitt v. Wilkie*, No. 19-5262, 2020 WL 4103039, at *5–6 (Vet. App. July 21, 2020) (remanding claims); *Prewitt v. McDonough*, 856 F. App'x 280, 282–83 (Fed. Cir. 2021) (declining to review Mr. Prewitt's constitutional challenges because they are "inextricably intertwined" with the remanded portions of the Veterans Court's decision). The Veterans Court denied

Mr. Prewitt's petition on October 16, 2024,[1] concluding that Mr. Prewitt sought to use mandamus to litigate the merits of the Department of Veterans Affairs' actions, not to compel a decision that has been unreasonably delayed. SAppx 2.[2]  The Veterans Court also denied Mr. Prewitt's petition because he had an alternative remedy to mandamus through an appeal, and a writ cannot be used to substitute for the appellate process.  *Id.*

Mr. Prewitt appeals, and we have jurisdiction under 38 U.S.C. § 7292(a).

## DISCUSSION

The scope of our review in an appeal from a Veterans Court decision is limited.  *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010).  We may review a decision by the Veterans Court concerning whether to grant a mandamus petition when the petition raises a non-frivolous legal question, such as a constitutional issue or the interpretation of a regulation or statute that was relied on by the Veterans Court.  *See Beasley v. Shinseki*, 709 F.3d 1154, 1157–58 (Fed. Cir. 2013); *Lamb v. Principi*, 284 F.3d 1378, 1381–82 (Fed. Cir. 2002); *see also* 38 U.S.C. § 7292(a), (d).  We review denial of a petition for a writ of mandamus for "abuse[] [of] discretion or . . . other legal error."  *Lamb*, 284 F.3d at 1384.  "In conducting such a review, we do not interfere with the [Veterans Court's] role as the final appellate arbiter of the facts underlying a veteran's claim or

---

[1]    The Veterans Court first issued an order denying Mr. Prewitt's petition on October 3, 2024.  However, Mr. Prewitt moved for reconsideration the following day. The court then granted Mr. Prewitt's motion, withdrew the October 3 order, and issued the order now before us.

[2]    We refer to the Supplemental Appendix filed with Appellee's informal response brief as "SAppx" throughout this opinion.  *See* ECF No. 8.

the application of veterans' benefits law to the particular facts of a veteran's case." *Beasley*, 709 F.3d at 1158; *see* 38 U.S.C. § 7292(d)(2).

Here, the Veterans Court did not abuse its discretion or commit legal error in denying Mr. Prewitt's petition. The Veterans Court considered the three conditions required to issue a writ of mandamus and determined that Mr. Prewitt failed to satisfy the first requirement, i.e., that he has no other adequate means to attain the desired relief. SAppx 3–4 (citing *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004)). The Veterans Court acknowledged that the four-year delay in adjudicating Mr. Prewitt's remanded claims "raises the specter of unreasonable delay," SAppx 3, but the Veterans Court determined that Mr. Prewitt does not argue unreasonable delay under the *TRAC* factors. SAppx 3–4 & nn.1–2; *Martin v. O'Rourke*, 891 F.3d 1338, 1344–45 (Fed. Cir. 2018) (citing *Telecomms. Rsch. & Action Ctr. v. FCC*, 750 F.2d 70, 79–80 (D.C. Cir. 1984) (*TRAC*)) (adopting the *TRAC* standard for the Veterans Court to use in evaluating mandamus petitions alleging unreasonable delay by the VA). Based on those well-established factors, the Veterans Court determined that the facts did not justify the extraordinary remedy of a writ of mandamus. SAppx 3–5.

Mr. Prewitt does not argue that the Veterans Court misstated the legal standard for evaluating whether to grant a writ of mandamus; nor does he adequately argue that the Veterans Court interpreted or elaborated on the meaning of any statute or regulation. Instead, Mr. Prewitt focuses on the merits of his underlying claims, including arguments that the VA violated regulations when adjudicating his claims. Appellant's Inf. Br. 12 (arguing that the VA violated 38 C.F.R. § 3.103 when it allegedly failed to provide notice of appellate rights with a 1970 rating decision), 13–14 (arguing that the VA violated 38 C.F.R. §§ 4.27 and 4.72 when evaluating his injury). Further, Mr. Prewitt argues that the Veterans Court failed to

appreciate what constitutes a legacy appeal under 38 C.F.R. § 19.2, which would determine whether the VA should have issued a Supplemental Statement of the Case and returned his illegal exactions dispute to the Board. Appellant's Inf. Br. 23–25.

The Veterans Court, however, did not rely on an interpretation of 38 C.F.R. § 19.2 in denying Mr. Prewitt's petition. *See* SAppx 4. Instead, the Veterans Court determined that the question of whether Mr. Prewitt's appeal is a legacy appeal was "not dispositive" in part because Mr. Prewitt had not shown that the administrative process is not a viable path to obtain the remedy he seeks. *Id.* And to the extent that Mr. Prewitt sought to challenge the VA's decisions on the merits of his claims, the Veterans Court explained that a mandamus petition is not the appropriate vehicle for such a challenge. *See* SAppx 3 (citing *Wolfe v. McDonough*, 28 F.4th 1348, 1357 (Fed. Cir. 2022) ("It is well established that mandamus is unavailable when there is an adequate remedy by appeal.")). Because Mr. Prewitt failed to raise a legal issue, we lack jurisdiction to consider these arguments.

We also recognize that Mr. Prewitt has characterized at least some of his arguments as constitutional issues,[3]

---

[3] *See* Appellant's Inf. Br. 1, 16–20, 29 (alleging that the Veterans' Judicial Review Act violates Articles I, II, and III and the Seventh Amendment of the Constitution because it does not afford him the right to adjudicate his claim before a jury in an Article III court); Appellant's Inf. Br. 11–12, 29 (alleging that the VA's failure to provide Mr. Prewitt with notice of appellate rights in his 1970 VA rating decision violated his Equal Protection and Due Process rights); Appellant's Inf. Br. 1–2, 25–27 (alleging takings clause violations related to his body, labor, and illegal exactions involved in an overpayment dispute); Appellant's

and we generally have jurisdiction to review constitutional issues raised in an appeal. *See* 38 U.S.C. § 7292(d)(2). However, the Veterans Court did not decide any constitutional issues, and the characterization of an argument as constitutional does not necessarily make it so. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999); SAppx 2. Here, the majority of Mr. Prewitt's purported constitutional arguments are challenges to the decisions on the merits of his claims and disagreements over the Veterans Court's denial of mandamus, which we may not review. *See Beasley*, 709 F.3d at 1158; *see also* 38 U.S.C. § 7292(d)(2). But Mr. Prewitt's "characterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack." *See Helfer*, 174 F.3d at 1335. We thus have no jurisdiction to consider these arguments.

However, to the extent that Mr. Prewitt raises a constitutional argument separate from his contention that the Veterans Court erred in denying the merits of his claims, that argument is within the scope of our jurisdiction. The primary constitutional issue raised by Mr. Prewitt on appeal and in his petition for writ of mandamus is that his Seventh Amendment right to a jury trial was violated by the VA's adjudication of his claims. "While the Seventh Amendment provides the right to a jury trial in civil suits at common law, it is not 'implicated in the VA adjudication process.'" *Mathis v. Shinseki*, 494 F. App'x 78, 81 (Fed. Cir. 2012) (first quoting *Paswell v. Nicholson*, 21 Vet. App. 102, 2006 WL 2106952, at *2 (2006); then citing *Tull v. United States*, 481 U.S. 412, 418 n.4 (1987) ("[T]he Seventh Amendment is not applicable to administrative proceedings . . . .")). Rather, the granting of public benefits such as

---

Inf. Br. 29 (alleging that the Veterans Court's refusal to order the Secretary to weigh in on the due process, equal protection, and takings clause issues previously remanded justifies mandamus).

payments to veterans has long been held to fall within the "public rights" exception to the Seventh Amendment. *See Sec. & Exch. Comm'n v. Jarkesy*, 603 U.S. 109, 130 (2024). Thus, although we have jurisdiction to consider Mr. Prewitt's constitutional claim under the Seventh Amendment, we conclude that his argument is without merit.

## CONCLUSION

We have considered Mr. Prewitt's remaining arguments but find them unpersuasive. For the foregoing reasons, we affirm the Veterans Court's decision to deny Mr. Prewitt's mandamus petition.

## **AFFIRMED**

## COSTS

No costs.